UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00323 REB-PAC   ARMANDO FLORES, Plaintiff, v.
SUNWEST MANAGEMENT, INC., an Oregon corporation, Defendant.

PROTECTIVE ORDER

This Court, having considered the Stipulated Motion of the parties for the entry of a Protective Order, and being fully apprised of the matters relevant to such a request,

DOES HEREBY ORDER:

1. Documents which are produced or exchanged by any of the parties to this action, including but not limited to personal information of current or former employees, and/or current or former residents, information regarding third-party employees, policies, procedures, contracts, financial documents, investigation files, any proprietary information, and any other information which a party believes in good faith and in compliance with F.R.C.P. 26 to be confidential, may be designated as confidential (the "Confidential Information") by the producing party and shall not be disclosed to persons outside of this lawsuit. Any documents or things deemed confidential under this paragraph by the producing party shall be marked or stamped as "Confidential."

2. The Confidential Information shall be used only for the purposes of the proceedings in this action and shall not be used in any other lawsuit, claim or cause of action, or in any other way, unless ordered by a court of competent jurisdiction, except that the parties may, without further agreement or court order, disclose the Confidential Information to the following persons solely in connection with this action under the following conditions:

   (a) Attorneys and legal assistants of counsels' firms and to any other employees of counsels' firms who shall handle the Confidential Information under normal office procedures;

(b) Experts or consultants retained by the parties with respect to this action;

(c) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witness to testify concerning this case;

(d) Officers of this Court and their supporting personnel, or officers of any appellate court to which any appeal may be taken or in which review is sought;

(e) Any court reporters present in their official capacity at any hearing, deposition or other proceeding in this action, and transcripts of proceedings recorded in electronic form; and

(f) Any party or representative (including representatives of the parties' insurer), agent, or employee of the receiving party.

3. By production of Confidential Information, the party does not in any way waive its right to object to the admissibility of such information at trial. Nothing in this Protective Order shall preclude the parties from asserting any objection to the production of documents or information based on the attorney-client privilege, the work product doctrine, or on the grounds that the documents or information sought are not relevant or likely to lead to the discovery of admissible evidence.

4. No disclosure of any Confidential Information shall be made to any person, specified in paragraphs 2(b) and 2(c), unless the person to whom disclosure is to be made has signed, prior to any disclosure of Confidential Information, an undertaking in the form attached as Appendix A. However, nothing in this Protective Order shall limit any party or person in the use of its own documents, things, and/or information for any purpose, or from disclosing any of its own information to any person, or from consenting to the disclosure of any of its own information by the other party.

5. At the conclusion of this litigation, all Confidential Information produced to another party along with all copies made of the Confidential Information still in existence at the time shall be destroyed or returned to or available for pick-up by the

counsel for the party who produced the Confidential Information.

6. Any party may object to the designation of particular information as "Confidential" by giving the party so designating the information as "Confidential" prompt written notice. The written notice shall identify the information to which the objection is made and specify the grounds of the objection. All counsel shall then attempt, in good faith, to resolve their dispute. If the parties cannot resolve their dispute within ten (10) business days (excluding weekends or national holidays) after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information is confidential information entitled to be treated as and subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the party designating the information as "Confidential" fails to file such a motion within the prescribed timed, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order.

7. This order has no presumptive effect as to the Court. The Court is not bound by any stipulations as to Confidential Information, Confidential designations or filings by any party. Instead, it may review any such stipulations, designations and filings by the standards set out in the Federal Rules of Civil Procedure and the Local Rules of this Court.

8. The parties further agree to redact any and all personal identifiers (e.g., Social Security Numbers, phone numbers and addresses) and any and all identifying information for current or former residents (e.g., names, Social Security Numbers, identification numbers, phone numbers and addresses) from any and all documents filed with this Court.

DATED this 22nd day of May, 2007.

BY THE COURT:

*[signature]*

Magistrate Judge

O. Edward Schlatter
U.S. MAGISTRATE JUDGE

## APPENDIX A

## **UNDERTAKING**

I acknowledge that I, _____ (Name), _____ (Place and Position of Employment), am about to receive confidential information supplied by _____ (Party). I certify that I understand that such confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order of _____, 2007, in *Armando Flores v. Sunwest Management, Inc.*, Civil Action No. 07-CV-00323 REB-PAC, in the United States District Court for the District of Colorado. I further represent that I have been given a copy of and have read that Protective Order, and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having a confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the Protective Order to have access to such information.

I understand and acknowledge that violation of this Undertaking or the Protective Order may be punishable by Contempt of Court.

| DATE | Signature |
|------|-----------|
|      |           |